IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HABAS SINAI VE TIBBI GAZLAR ISTIHSAL A.S., ) <br> Plaintiff, ) <br> ) <br> vs ) <br> ) <br> INTERNATIONAL TECHNOLOGY & ) <br> KNOWLEDGE COMPANY, INC. and INTEKNO ) <br> TEKNOLOJI TRANSFER SANAYI VE TICARET ) <br> A.S., ) <br> Defendants. ) | Civil Action No. 19-608 <br> Magistrate Judge Dodge |

## MEMORANDUM ORDER

Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. brings this action against Defendants International Technology & Knowledge Co., a Pennsylvania corporation ("Intekno U.S."), and Intekno Teknoloji Transfer Sanayi Ve Ticaret A.S., a Turkish corporation ("Intekno Turkey"). In this breach of contract action, Plaintiff asserts that Defendants failed to deliver certain goods, forcing Plaintiff to obtain them elsewhere at an increased cost. Plaintiff alleges that the agreement that forms the basis of its claim is governed by the United Nations Convention on the International Sale of Goods or Pennsylvania law. (Compl. ¶¶ 17-21.)

Presently before the Court is Plaintiff's Motion for Alternative Service on Intekno U.S. (ECF No. 9). In its motion, Plaintiff seeks leave to serve Intekno U.S. by electronic mail upon its Chief Executive Officer, Halil Kulluk, who is presently in Istanbul, Turkey. At the direction of the Court, Plaintiff submitted a brief in further support of its motion. (ECF No. 11). For the reasons that follow, Plaintiff's motion will be denied.

After Plaintiff and Defendants agreed to the agreed to the contractual terms regarding the sale and delivery of the graphite electrodes, Intekno U.S issued a ProForma Invoice consistent with the agreed-upon sale terms in April 2017. (Compl. ¶¶ 9-10 & Ex. 1.) The ProForma Invoice

identified Pittsburgh telephone and facsimile numbers and a Pittsburgh address for Intekno U.S., and also identified Intekno Turkey as the representative agent for Intekno U.S. with respect to the transaction. (Compl. Ex. 1.)

The Pennsylvania Bureau of Corporations identifies Intekno U.S. as an active Pennsylvania corporation with an address of 2908 McKelvey Road, Pittsburgh, Pennsylvania 15221 and identifies Halil Kulluk as the President and Treasurer of Intekno U.S. with an address of 4885A McKnight Road, Pittsburgh, Pennsylvania 15237. (ECF No. 9 Ex. 1.)

Plaintiff's Attempts at Service

On August 20, 2019, Plaintiff filed a Motion for Enlargement of Time for Service Upon Defendant (Intekno U.S.) (ECF No. 7.)[1] In its motion, Plaintiff stated that it had engaged a process server to serve Intekno U.S. The process server attempted to serve Intekno U.S. at the two addresses noted above in Pittsburgh, but confirmed that neither address was affiliated with Intekno U.S. Upon conducting additional investigation, the process server located Halil Kulluk, Intekno U.S.'s sole officer, at an address in Cambridge, Massachusetts. Plaintiff attempted to serve Kulluk at the address in Cambridge from June to August 2019 and was continuing to do so. (Troupe Decl. ¶¶ 4-11, 13.)[2] *See also* Jacobs Decl. ¶¶ 6-7.[3]

On October 7, 2019, Plaintiff's counsel received a phone call from Kulluk, who stated that he was calling from Istanbul, Turkey. (Jacobs Decl. ¶ 8.)[4] Kulluk stated that: he received the

---

[1] Plaintiff indicates that it is undertaking to serve Intekno Turkey in accordance with the requirements of The Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). (ECF No. 9 at 2 n.1.)
[2] ECF No. 7 Ex. 2.
[3] ECF No. 9 Ex. 2.
[4] The record contains a statement that the process server in Cambridge "has confirmed that Mr. Kulluk … is presently visiting family in Turkey for an unknown amount of time." (Troupe Decl. ¶ 12.)

2

summons and complaint in this matter through a mailing from his daughter (who retrieved them from the Cambridge location) (*id.* ¶ 9); Intekno U.S. does not have a physical location within the United States (*id.* ¶ 10); all Intekno U.S. business operations are conducted through him (*id.* ¶ 12); Intekno U.S. does not have a registered agent for purposes of authorized acceptance of service in the United States (*id.* ¶ 13); Kulluk intended to contact Pittsburgh counsel in connection with this lawsuit; and in the meantime, Plaintiff should continue to communicate with him through his email address, which he provided (*id.* ¶¶ 14-15 & Ex A.)

On October 14, 2019, Plaintiff's counsel received correspondence from Intekno's Pittsburgh counsel, who advised that "we represent Intekno, owned by Halil Kulluk, in litigation filed by Habas, in the Western District Court." In a subsequent telephone call, counsel for Plaintiff was advised by Intekno's counsel that they were considered entering their appearance on behalf of both Intekno U.S. and Intekno Turkey and advise Plaintiff if they were authorized to accept service of process on behalf of both Intekno entities. However, apparently they have not done so. (*Id.* ¶¶ 17-18 & Ex. C.)

Rule 4 Requirements

Rule 4(h) of the Federal Rules of Civil Procedure addresses service of process upon a corporation. Unless otherwise provided, a corporation must be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under

(f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Rule 4(e)(1) provides that an individual may be served following state law.

In its motion, Plaintiff contended that, under Rule 4(h)(1),[5] it can invoke Pennsylvania Rule of Civil Procedure 430, which states that, if service cannot be made to defendant's residence or place of business as provided by the rules, a plaintiff may move for a special order directing the method of service. Alternative service is appropriate when service "cannot be made" under the applicable rules of civil procedure and as a last resort. *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004). Plaintiff asserted that it met the three conditions necessary for alternative service: 1) "good faith" efforts were made to locate the defendant; 2) practical efforts were made to serve the defendant; and 3) the proposed means must be reasonably calculated to provide the defendant with notice of the proceedings against him. *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471-72 (E.D. Pa. 2006).

At the Court's request, Plaintiff also analyzed this situation under Fed.R.Civ.P. 4(h)(2), (service outside of a judicial district of the United States), which allows for service pursuant to Rule 4(f). Under Rule 4(f), an individual may be served in a foreign country where federal law does not provide otherwise. Such service may occur "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," *see* Fed.R.Civ.P. 4(f)(1), or "by other means not prohibited by international agreement, as the court orders," *see* Fed.R.Civ.P. 4(f)(3). Courts have held that there is no hierarchy of the mechanisms listed in Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002); *WhosHere, Inc. v. Orun*, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). It "remains the

---

[5] Although Plaintiff did not specify that it was proceeding under Rule 4(h)(1), its quotation is from that subsection.

plaintiff's burden to show that the 'other means' is not prohibited by international agreement." *Asiacell Comm'ns PJSC v. Doe,* 2018 WL 3496105, at *2 (N.D. Calif. July 20, 2018) (citation omitted).

The Advisory Committee Notes to Rule 4(f) state that: "Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." *See Graphic Styles/Styles Int'l LLC v. Men's Wear Creations*, 99 F. Supp. 3d 519, 524 (E.D. Pa. 2015) (relying on the Notes to reject service by email without a showing of circumstances to permit it, such as the failure of the foreign country's Central Authority to effect service within a six-month period).

Article 2 of the Hague Service Convention requires all judicial documents in civil matters to be served through a Central Authority. Article 10 permits service through alternative means like "postal channels" and "judicial officers" provided that the destination state does not object to those means. 20 U.S.T. 361, 658 U.N.T.S. 163.

Analysis

The Court concludes that because Plaintiff is attempting to serve Intekno U.S. by serving Kulluk in Turkey, it must proceed under Rule 4(h)(2), which in turn invokes Rule 4(f). "The provisions of Rule 4(f) are not triggered by the citizenship of the defendant being served, but rather by the place in which service is effected." *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, 2018 WL 4688778, at *3 n.2 (W.D. Tex. July 5, 2018) (citing *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997)).

The Supreme Court has held that Section 10(a) of the Hague Service Convention does not prohibit service by mail. *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1507 (2017). However, it also does not "authorize" service by mail. Rather, "in cases governed by the Hague Service

Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513. In *Water Splash*, the Supreme Court noted that Canada did not object to service by postal channels. *Id.* 1512 at n.7. Therefore, it remanded the case to the state court for a determination of whether Texas law authorized the methods of service used by the plaintiff.

The fact that the Hague Service Convention does not prohibit service by email is not determinative: "The Convention's text does not speak in specific terms of service by email, fax, or other means of delivery unknown in the 1960s." *Luxottica Group S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 825 (N.D. Ill. 2019) (citing *Water Splash,* 137 S.Ct. at 1508).

Both the United States and Turkey are signatories to the Hague Convention.[6] However, Turkey has objected to the means listed in Article 10, that is, service through alternative means like "postal channels" and "judicial officers."[7] Thus, service by mail in Turkey is not permitted under the Hague Service Convention. *See Ferrostaal, Inc. v. Haci Hassan Yardim*, 2006 WL 2819585, at *2 (S.D.N.Y. Sept. 29, 2006).[8]

Some courts have held that they can still order methods not listed in Article 10, such as service by email or social media networking sites. *WhosHere*, 2014 WL 670817, at *3. *See also United States v. Besneli*, 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015) ("email does not fall within 'postal channels' unless the country specifically objected to service by email or other

---

[6] The Hague Convention on Private International Law maintains a list of signatories available at https://www.hcch.net/en/states/hcch-members
[7] https://www.hcch.net/en/states/authorities/details3/?aid=277
[8] Plaintiff argues that Turkey has not objected to service by email but does not discuss Turkey's objection to Article 10(a) methods of service.

electronic means."); *Jackson Lab. v. Nanjing Univ.*, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (finding cases that distinguish email from postal channels to be "better-reasoned"); *Kipu Sys., LLC v. ZenCharts, LLC*, 2018 WL 8264634, at *2 (S.D. Fla. Mar. 29, 2018) (same).

However, other courts have rejected this analysis. *See Compass Bank v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012) (Mexico objected to service by "postal channels" and therefore service by email was not permitted); *Agha v. Jacobs*, 2008 WL 2051061 (N.D. Calif. May 13, 2008) (Germany objected to service via "postal channels" under Article 10 so email service was not permitted). *See also Graphic Styles*, 99 F. Supp. 3d at 523 n.3 ("Given that Article 10(a) does not permit service by 'postal channels' it cannot be stretched to permit service by e-mail.")

In *James Avery Craftsman,* 2018 WL 4688778, at *6, the court observed that cases that permitted service by email under Rule 4(f) did so only after attempts to serve under the Hague Service Convention were unsuccessful. *See, e.g.*, *WhosHere*, 2014 WL 670817, at *3; *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *2-4 (S.D.N.Y. Mar. 7, 2013); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13-16 (D.D.C. 2016); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, 2013 WL 1644808, at *1-2 (W.D. Pa. Apr. 16, 2013); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004); *Midmark Corp. v. Janak Healthcare Private Ltd.*, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

Although there is a split of authority on this issue, this Court finds more persuasive the reasoning of those courts that have concluded that a country that objects to the means of service listed in Article 10 has not consented to service by means not explicitly listed in Article 10, such as email. "Because email would bypass the methods of service the Hague Convention authorizes,

7

the Convention preempts it as inconsistent." *Luxottica* 391 F. Supp. 3d at 827. *See also Elobeid v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014); *Mapping Your Future, Inc. v. Mapping Your Future Servs., Ltd.*, 266 F.R.D. 305, 308 (D.S.D. 2009). The argument that a country that has objected to service by "postal channels" in Article 10 has implicitly indicated that it would accept service by email relies on a questionable reading of the Hague Service Convention that elevates form over substance.

Turkey is a signatory to the Hague Service Convention, but it objects to service by the means listed in Article 10. Given its objection to service by postal channels or judicial officers, the Court cannot conclude that Turkey has consented to service by means not listed in Article 10, including email. Therefore, service is not authorized under Rule 4(f)(1). Likewise, as Plaintiff has not attempted service on Kulluk or Intekno U.S. under the Hague Service Convention, its proposed service on Kulluk by means of email is not authorized under Rule 4(f)(3).

Therefore, this 23rd day of December 2019, IT IS ORDERED that Defendant's Motion for Alternative Service on Intekno U.S. (ECF No. 9) is denied.

BY THE COURT:

s/Patricia L. Dodge_____
PATRICIA L. DODGE
United States Magistrate Judge