IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HABAS SINAI VE TIBBI GAZLAR ISTIHSAL A.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19-608 |
| | ) | |
| INTERNATIONAL TECHNOLOGY & KNOWLEDGE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

On March 22, 2021, the Court entered an order granting a motion to dismiss for lack of personal jurisdiction filed by two defendants, Intekno Teknoloji Transfer Sanayi Ve Ticaret A.S. ("Teknoloji Transfer") and Halil Kulluk, leaving only International Technology & Knowledge Co. ("Intekno") as the sole defendant in this breach of contract action brought by Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. ("Habas").

On April 29, 2021, following an Initial Case Management Conference, the Court entered a minute entry that states as follows:

> An initial case management conference was held by telephone on April 29, 2021. During the conference, Plaintiff's counsel asked for confirmation that the order that was entered granting the motion to dismiss two parties for lack of personal jurisdiction had been "without prejudice." Following the conference, the Court reviewed this issue and confirmed that the dismissal order was without prejudice. The parties shall confer regarding the scope of discovery related to the dismissed parties and shall bring any unresolved issues to the Court for resolution.

Subsequently, Defendant filed a motion for clarification (ECF No. 49) regarding the issue of dismissal without prejudice to which Plaintiff has responded (ECF No. 53). Defendant interprets dismissal without prejudice in this case to mean that the dismissed defendants can be sued in

another forum where they are subject to personal jurisdiction, but the ruling is issue preclusive as to bringing a separate lawsuit against them in this forum or seeking to rejoin them in the case. Therefore, Defendant concludes, Plaintiff should not be permitted to conduct jurisdictional discovery as to the defendants who were dismissed based upon lack of personal jurisdiction.

Plaintiff takes the position that because it has not asked to rejoin the two dismissed defendants, there is no current issue to be decided.  At the same time, however, it states that Mr. Kulluk will be deposed during discovery and will be asked questions about the structure of the dismissed corporations and the relevant transactions, and depending on the results of this discovery, it could seek to rejoin the dismissed defendants.

Plaintiff cannot rejoin Teknoloji Transfer and Kulluk after they have been dismissed from the case on the basis of lack of personal jurisdiction. The Court of Appeals for the Third Circuit has held that, when a court enters an order granting a motion to dismiss on the basis of lack of personal jurisdiction, the order "preclude[s] … relitigating the issue of personal jurisdiction in Pennsylvania." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (3d Cir. 2020).  At the same time, Plaintiff is not precluded from bringing an action against the dismissed defendants in a forum where personal jurisdiction over them exists. *Id. See also Grezak v. Ropes & Gray, LLP*, 809 F. App'x 60, 63 n.9 (3d Cir. 2020) (when a district court dismissed "with prejudice" the claims against the defendants over which it lacked personal jurisdiction, the Court of Appeals construed it as meaning that the dismissal was "with prejudice" only to the plaintiff's ability to refile those claims in a court sitting in Pennsylvania).

Because Plaintiff cannot move to rejoin the dismissed defendants in this forum, discovery related to personal jurisdiction of the dismissed defendants is neither relevant nor calculated to lead to the discovery of admissible evidence.  Moreover, during oral argument on the motion to

dismiss, Plaintiff was offered the opportunity to conduct jurisdictional discovery but indicated that it did not require such discovery before the Court ruled on Defendants' motion.

Therefore, it is ORDERED that Plaintiff may neither rejoin the dismissed defendants in this case nor may it engage in discovery directed to either of the defendants that relates to personal jurisdiction.

SO ORDERED this 11th day of June, 2021.


/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge