IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HABAS SINAI VE TIBBI GAZLAR ISTIHSAL A.S., <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL TECHNOLOGY & KNOWLEDGE COMPANY, INC., a Pennsylvania Corporation, <br><br> Defendant. | Civil Action 2:19-cv-608 |

## ORDER

Defendant International Technology & Knowledge Company, Inc. ("Intekno") has moved to compel Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. ("Habas") to respond to certain interrogatories and requests for production (ECF 58), and seeks attorneys' fees because it asserts that Habas's failure to respond was not substantially justified. Habas has filed a brief in opposition to Intekno's motion to compel. (ECF 62.)

Intekno's motion relates to a series of interrogatories and document requests that ask Habas to identify and produce all sales contracts between Habas and any third party that were allegedly formed by pro forma invoices and/or emails in which Habas sold or purchased a "material volume of graphite electrodes or other industrial goods" or a "material volume of steel." (Interrogatories three through six and Requests for Production four through eight.) Habas objected to this discovery on multiple grounds, including its contention the discovery is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The parties participated in a meet and confer but were unable to resolve their dispute.

Intekno asserts that this discovery is directly relevant to the issue of contract formation and that parol and "custom and usage" evidence is more broadly admissible under the CISG than the UCC. According to Intekno, because there are no documents or series of documents produced by Habas that are the purported contract between the parties, whether a contract was formed will depend on evidence of the parties' intent.  Thus, it concludes that whether Habas entered into and performed other supply contracts based solely on a pro forma invoice and/or an exchange of emails is relevant both to the parties' intent in this case and Habas' contention that an enforceable contract was formed. Further, Intekno argues, evidence of custom and usage in this industry would also be relevant to the issue of whether multi-million-dollar supply contracts of this nature are entered into solely on the basis of a pro forma invoice or emails.

In opposing Intekno's motion to compel, Habas contends that in order to determine whether it entered into a contact with Intekno, it is only necessary to examine the parties' communications and the information that they exchanged.  It disputes Intekno's premise that the formation of a contract in the manner alleged by Habas is rare in the steel manufacturing industry. It also suggests that this type of contract is not prohibited by or unusual under the CISG.  According to Habas, a contract can be formed under the CISG by any means in which there is an offer and an acceptance, including emails. *See VLM Food Trading Int'l v. Illinois Trading Co.*, 811 F.3d 247, 252 (7th Cir. 2016); *AGB Contemporary A.G. v. Artemundi, LLC*, 2021 WL 1929356, at *5 (D. Del. May 13, 2021); *Roser Tech. Inc. v. Carl Schreiber GmbH*, 2013 WL 4852314, at *11 (W.D. Pa. Sept. 10, 2013). Moreover, Habas asserts, while parol evidence may be relevant as it relates to the dealings between Habas and Intekno, industry-wide practices have no bearing on whether these parties entered into an enforceable contract.

Having reviewed the parties' submissions in the context of this dispute, the Court concludes that the discovery sought by Intekno is neither relevant nor proportional to the needs of this case. As an initial matter, the discovery at issue is, in fact, overly broad because it seeks all sales contracts, as defined, between Habas and any third party involving the sale or purchase of a "material" volume of goods with no limitation on the time frame of the inquiry.

Moreover, and more importantly, regardless of whether Habas has actually entered into any contracts of this nature with third parties at any point in time, the issue in this case is whether Habas and Intekno formed a contract by means of a pro forma invoice and/or emails. The resolution of that issue will be determined based upon the substance of the document(s) that Habas identifies as comprising the contract at issue and/or the communications between the parties. As Habas points out, the only relevant parol or custom evidence relates to the interactions between these parties in connection with the alleged transaction at issue. Indeed, even if Habas has never entered into a similar contract as the one alleged here, this does not address the issue of whether or not these parties entered into an enforceable agreement.

For these reasons, Intekno's motion to compel is DENIED.

SO ORDERED this 8th day of October 2021:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge