## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HABAS SINAI VE TIBBI GAZLAR                )
ISTIHSAL A.S.,                             )
                                           )
            Plaintiff,                     )      Civil Action No. 2:19-608
                                           )
    v.                                     )      Magistrate Judge Patricia L. Dodge
                                           )
INTERNATIONAL TECHNOLOGY &                 )
KNOWLEDGE COMPANY, INC.,                   )
                                           )
            Defendant.                     )
                                           )

## ORDER

On March 11, 2026, Defendant International Technology & Knowledge Co., Inc. ("Intekno") filed what it has titled a "Motion in Limine to Clarify Summary Judgment Ruling" (ECF No. 162). In this motion, Intekno contends that the Court erred in finding that a contract was formed between it and Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. ("Habas").

As Intekno notes, the Convention on the International Sale of Goods ("CISG") that governs this dispute requires a "meeting of the minds," *Kumpers Composites GmbH & CoKG v. TPI Composites Inc.*, 2025 WL 603734, at *22 (D. Ariz. Feb. 25, 2025), including as to the identity of the goods. Intekno contends that there was no meeting of the minds because it was offering to sell "GrafTech graphite electrodes" but Habas was interested in buying "anyone-but-China manufactured graphite electrodes."

Intekno further argues that the Court erred in saying that it did not "conclusively support" its contention that GrafTech (the proposed manufacturer of the goods) had to approve the order because the motion for summary judgment was filed by Habas. As a result, Intekno argues, it did not have the burden of proof on any issue.

In its brief in opposition (ECF No. 173), Habas contends that what Intekno has submitted is neither a motion in limine nor a motion for clarification. Rather, it argues that Intekno is actually seeking reconsideration of the Court's January 29, 2025 summary judgment opinion holding that Habas had demonstrated the existence of a contract with Intekno. As a result, Intekno's motion is untimely, having been filed fourteen months after the Court's summary judgment decision. Moreover, Habas contends that Intekno simply argues that the Court "misunderstood" Habas' argument and then offers a new theory about the parties' disagreement regarding the identity of the goods which it never raised before. "Motions for reconsideration may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014) (citation omitted).

Further, Habas argues, Intekno fails to cite any change in controlling law or any new evidence nor does it point to the existence of any manifest injustice. "To attempt to relitigate an issue that the Court has already decided in its summary judgment opinion through a pretrial in limine motion is improper." *Campmor, Inc. v. Brulant, LLC*, 2013 WL 12147616, at *8 (D.N.J. Apr. 30, 2013). *See also Martsolf v. Brown*, 457 F. App'x 167, 170 (3d Cir. 2012) ("Because it asked the District Court to reverse its summary judgment ruling, Plaintiff's motion in limine is properly construed as a motion for reconsideration" and it was properly denied because it did not meet the requirements of that kind of motion, both because it was untimely and because it did not state an appropriate ground for reconsideration).

In addition, Habas argues that Intekno's motion cannot be construed as seeking clarification because it does not ask the Court to "clarify" anything but instead, seeks to alter the decision. *See Mathis v. Christian Heating & Air Conditioning, Inc.*, 91 F. Supp. 3d 651, 656 (E.D.

Pa. 2015) (citing *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 337 (3d Cir. 1993), for the proposition that, in determining the nature of a motion, a court must "look beyond [a] motion's caption to its substance," and then construing a motion for clarification as a motion for reconsideration).

In its opinion denying Habas' motion for summary judgment, the Court held that Habas has identified all the elements necessary to establish that a contract was formed for the sale of graphite electrodes. (ECF No. 133 at 19-21.) Therefore, the existence of a contract for the sale of graphite electrodes is resolved and is the law of the case. In its opinion, the Court also concluded that there are material issues of fact about the parties' expectations and understanding about GrafTech's role that will govern whether its manufacture and supply to Intekno was a condition precedent to Intekno's obligation to supply electrodes to Habas. (*Id*. at 21-22.) In the same vein, the opinion noted that there are disputed issues of material fact about whether Intekno breached its contractual responsibilities or alternatively, Habas excused Intekno from performance of the contract. (*Id.* at 24.) These factual issues remain to be resolved at trial.

Despite the caption, Intekno's motion does not seek clarification of any prior ruling other than a single matter that will be addressed below. Rather, Intekno asks the Court to reconsider its summary judgment decision. This request is not only untimely, but it improperly raises an argument not previously raised. The Court's conclusion that a contract was formed between the parties is the law of the case and Intekno cites no extraordinary circumstances requiring the revisiting of this decision. *See In re Jamuna Real Est., LLC*, 392 B.R. 149, 169 (Bankr. E.D. Pa. 2008) (law of the case "applies equally to factual findings and '[i]f an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance approaches maximum force.'") (citation omitted).

3

Finally, Intekno argues that the Court did not address its argument that Habas had originally argued that its contract was formed with a related entity, Teknoloji Transfer, and that it only belatedly switched to saying it contracted with Intekno after Teknoloji Transfer was dismissed from the case. Instead, the Court noted the issue "can be addressed at trial." According to Intekno, however, it is difficult to understand how this issue can be addressed at trial given the Court's ruling that a contract was formed between Habas and Intekno. On this issue, the Court agrees that some clarification is warranted.

As a review of the record reveals, the original Complaint filed by Habas brought claims against Intekno and Intekno Teknoloji Transfer Sanayi ve Ticaret A.S.(sometimes referred to hereafter as "Inkekno Turkey.") The Complaint collectively references both parties as "Intekno" throughout, alleging that "Intekno" entered into a contract with Habas and breached that contract. Habas subsequently filed an Amended Complaint that added Halil Kulluk as a defendant and in its allegations regarding the contract, continued to collectively refer to the other two Defendants as "Intekno." Notably, however, the Amended Complaint also references "the material terms of the Contract as between Habas and Intekno (U.S.)," the current defendant. (ECF No. 13 ¶ 39.) Intekno Teknoloji Transfer Sanayi ve Ticaret A.S. and Kullik were subsequently dismissed from the case.

In its subsequent response to Habas' Concise Statement of Material Facts (ECF No. 128), Intekno admitted that Intekno Turkey is its agent (*id.* ¶ 4) and that Intekno, through its agent, Intekno Turkey, contacted Habas offering to sell it graphite electrodes. (*Id.* ¶ 9.)

Based on these facts, Intekno's position that Habas originally asserted that its contract was only with Intekno Turkey is not accurate, nor is it accurate that Habas changed its story to claim that it entered into a contract with Intekno only after Inkekno Turkey was dismissed from this case. The original Complaint lumped the two entities together, and the Amended Complaint was filed

*prior* to the dismissal of Intekno Turkey. And among other things, Habas alleges in the Amended Complaint that the contract was between Habas and Intekno (U.S.) (the present defendant).

"A motion for clarification is available for parties to ask a court to explain or clarify something ambiguous or vague about a court's decision, not to alter or amend it." *Solid State Chemicals Ltd. v. Ashland LLC*, 2022 WL 2116655, at *2 (W.D. Pa. May 26, 2022) (citation omitted). Under all of the facts asserted here, the Court believes that the footnote in the summary judgment opinion (ECF No. 133 at 20 n.13) requires a further explanation. While Intekno theoretically could address at trial changes to the claims of Habas as alleged in the Complaint and Amended Complaint, its description of these revisions is inaccurate. Moreover, the relevance of changes to the claims asserted by Habas is questionable at best, particularly given Intekno's admission that Intekno Turkey was acting as its agent in negotiations with Habas. Therefore, while Intekno's request for clarification is granted, it may not solicit or present evidence or testimony at trial that is based on inaccurate representations of the pleadings filed or positions taken by Habas. At the same time, Intekno may, if it chooses to do so, present relevant evidence at trial regarding any actual inconsistencies in Habas' pleadings or positions taken in this case.

Therefore, it is ORDERED that Defendant's "Motion in Limine to Clarify Summary Judgment Ruling" (ECF No. 162) is GRANTED to the extent that it sought a clarification of the Court's footnote and is otherwise DENIED.

SO ORDERED this 27th day of May, 2026.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

5