**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HABAS SINAI VE TIBBI GAZLAR ISTIHSAL A.S., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:19-608 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| INTERNATIONAL TECHNOLOGY & KNOWLEDGE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On March 11, 2026, Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. ("Habas") filed a Motion in Limine to Preclude Evidence or Argument Denying the Existence of a Contract (ECF No. 164). In this motion, Habas seeks to bar Defendant International Technology & Knowledge Co., Inc. ("Intekno") from presenting evidence or otherwise asserting at trial that an enforceable contract does not exist between the parties.[1]

Habas argues that the Court properly found that a contract was formed for the sale of graphite electrodes. It asserts that this is now the law of the case and Intekno fails to identify any extraordinary circumstances that would require revisiting this decision. *See In re Jamuna Real Est., LLC*, 392 B.R. 149, 169 (Bankr. E.D. Pa. 2008) (law of the case "applies equally to factual findings and '[i]f an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance approaches maximum force.'") (citation omitted). Therefore,

---

[1] Intekno has also filed a motion in which it seeks to have the Court "clarify" the issue. That motion is addressed in another order.

Habas argues that no evidence or argument that questions the existence of a contract should be permitted at trial.

Intekno's brief in opposition (ECF No. 171) reiterates the arguments made in its own motion. It argues that the Court erred in finding a contract was formed, improperly placed the burden on Intekno to "conclusively support" its claim that the manufacturer (GrafTech) had to approve the order and failed to address the argument that Habas shifted its position on who the seller was, Teknoloji Transfer or Intekno.[2] It argues that law of the case is a doctrine that does not preclude a court from clarifying a prior ruling.

Intekno's arguments are unavailing. For all of the reasons discussed in the Court's order denying Intekno's motion, Habas's motion will be granted. The Court's conclusion that a contract was formed between the parties is the law of the case and Intekno cites no extraordinary circumstances requiring the revisiting of this decision.

Therefore, it is ORDERED that Plaintiff's Motion in Limine to Preclude Evidence or Argument Denying the Existence of a Contract (ECF No. 164) is GRANTED.

SO ORDERED this 27th day of May, 2026.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

---

[2] Intekno also claims that it raised this issue during various status conferences and that Habas argued and the Court agreed that Intekno (rather than Habas) should file a motion for clarification. Although this is an accurate account, Intekno now concedes the fact that the Court's discussion of the existence of a contract in the summary judgment opinion was not unclear or ambiguous so no "motion for clarification" was needed in the case at all.