**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HABAS SINAI VE TIBBI GAZLAR            )
ISTIHSAL A.S.,                          )
                                        )
        Plaintiff,                  )        Civil Action No. 2:19-608
                                        )
     v.                              )        Magistrate Judge Patricia L. Dodge
                                        )
INTERNATIONAL TECHNOLOGY &              )
KNOWLEDGE COMPANY, INC.,                )
                                        )
        Defendant.                  )
                                        )

**ORDER**

On March 11, 2026, Plaintiff Habas Sinai Ve Tibbi Gazlar Istihsal A.S. ("Habas") filed a Motion in Limine to Preclude Evidence or Argument as to the Wealth, Assets or Financial Status of Any Habas Witness (ECF No. 166). In this motion, Habas argues that the only issues left for trial are the liability of Defendant International Technology & Knowledge Co., Inc. ("Intekno") and damages. Habas is not seeking punitive damages, and it notes that Intekno has not asserted any counterclaims. As a result, no evidence about the wealth, assets or financial status of Habas or any of its witnesses, particularly its leader, Mehmet Basaran, is relevant to the trial. However, Habas asserts, Intekno clearly intends to raise them, as its pretrial statement demonstrates.

In its brief in opposition (ECF No. 172), Intekno argues that among the issues at trial will be whether Mr. Basaran relieved Intekno of any obligation during a meeting with Intekno in July 2017 and whether GrafTech's supplying of the goods was a condition precedent. It also notes that if damages are awarded, they must be foreseeable. According to Intekno, resolution of these issues will depend on credibility determinations, including potential bias, which could be demonstrated by wealth, assets or financial status. In particular, Intekno argues that Mr. Basaran is a wealthy

powerful man and that his employees would feel compelled to testify in his favor.[1] Intekno cites no authority in support of its position.

Intekno's argument essentially is that because Mr. Basaran is rich and powerful, he will say whatever suits his interests and his employees will feel compelled to say whatever he wants. Even if this is true, such bias or influence can be shown without discussing the wealth or assets of Basaran or Habas. *See Slappy-Sutton v. Speedway LLC*, 2019 WL 8137127, at *2 (E.D. Pa. Oct. 10, 2019) ("evidence of defendant's financial condition, or the prices at which it sells certain products, both addressed in its motion, is not relevant to the question of negligence or compensatory damages.") As Intekno fails to provide any adequate foundation for offering this evidence, Habas' motion will be granted.

Therefore, it is ORDERED that Plaintiff's Motion in Limine to Preclude Evidence or Argument as to the Wealth, Assets or Financial Status of Any Habas Witness (ECF No. 166) is GRANTED.

SO ORDERED this 27th day of May, 2026.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] For example, Hakki Cakmak testified that Basaran called him late at night over a business matter and Halil Guner came back out of retirement to work at Habas because Basaran called him but would not say why. Basaran has "no memory" of the all-important meeting with Kulluk so the jury will only hear from Cakmak, who is under Basaran's control.